UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JOSE SANCHEZ,  </br>      Plaintiff,  </br>v.  </br>LISA MITCHELL, GERRI RILEY,  </br>and MARK FOGAREN,  </br>      Defendants. | Civ. Action No. 16-10415-LTS |

ORDER TO RESPOND

August 23, 2016

SOROKIN, J.

Jose Sanchez, an inmate at the Old Colony Correctional Center in Bridgewater, filed a complaint on February 29, 2016 pursuant to 42 U.S.C. § 1983 alleging that the defendants deprived him of his civil rights by withholding kosher meals. Doc. No. 1. The defendants have moved to dismiss, asserting sovereign immunity under the Eleventh Amendment, qualified immunity, and that the institutional restriction at issue is justified by prison objectives. Doc. No 32. Any response to the defendants' motion was due on August 3, 2016. To date, Sanchez has filed no opposition.

The Court now orders Sanchez to respond to the defendants' motion to dismiss by **September 9, 2016**. Should he fail to respond by that date, he faces dismissal of his claims due to failure to prosecute and failure to obey this Court Order. "The authority of a federal trial court to dismiss a plaintiff's action with prejudice because of his failure to prosecute" is well-established and "is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts." Link v. Wabash R.R. Co., 370 U.S. 626, 629-30 (1962); see Fed. R. Civ. P. 16(f), 41(b); Tower Ventures, Inc. v. City of Westfield, 296 F.3d 43, 45 (1st Cir. 2002).

2

"[A] litigant who ignores case-management deadlines does so at his peril." Tower Ventures, 296 F.3d at 45-46 (quoting Rosario-Diaz v. Gonzalez, 140 F.3d 312, 315 (1st Cir. 1998)). "Although dismissal ordinarily should be employed only when a plaintiff's misconduct is extreme, . . . disobedience of court orders, in and of itself, constitutes extreme misconduct (and, thus, warrants dismissal)[.]" Id. at 46 (internal citation omitted) (citing Cosme Nieves v. Deshler, 826 F.2d 1, 2 (1st Cir. 1987)).

Accordingly, it is hereby ORDERED that by the close of business on **September 9, 2016**, Sanchez shall respond to the defendants' motion to dismiss. Failure to respond will be grounds for dismissal for failure to prosecute and to obey this Court Order.

SO ORDERED.

 /s/ Leo T. Sorokin
Leo T. Sorokin
United States District Judge