UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| JOSE SANCHEZ | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil No. 16-10415-LTS |
| | ) | |
| LISA MITCHELL, GERRI RILEY, and MARK FOGAREN, in their individual and official capacities, | ) ) ) | |
| | ) | |
| Defendants. | ) | |

ORDER ON MOTION TO DISMISS (DOC. NO. 31)

November 15, 2016

SOROKIN, J.

Plaintiff Jose Sanchez, an inmate at Old Colony Correctional Center, sued Defendants Lisa Mitchell, Gerri Riley, and Mark Fogaren in their individual and official capacities after he was removed from the kosher meal list pursuant to a prison policy. Doc. No. 1. The policy removed an inmate from a special diet list if the inmate was seen taking a regular meal or trading portions of his special meal for portions of a regular meal three times within 30 days. Sanchez requested both monetary and injunctive relief.[1] Defendants filed a Motion to Dismiss on all claims, Doc. No. 31, and Sanchez replied, Doc. No. 35. While Defendants responded based solely on a First Amendment theory, Sanchez's Complaint fairly makes out a claim under the

---

[1] Defendants assert that Plaintiff's claims are moot because he was placed back on the kosher diet list. The Court assumes that this assertion applies only to the claims for injunctive relief as "[i]t is settled law that a claim for monetary relief . . . may survive events that moot injunctive or declaratory relief." Town of Portsmouth v. Lewis, 813 F.3d 54, 60 (1st Cir. 2016). Because Sanchez has since been removed from the kosher diet list again for further violations of the policy, Sanchez's claim for injunctive relief is not moot.

Religious Land Use and Institutionalized Persons Act of 2000 (RLUIPA), 42 U.S.C. §§ 2200cc *et seq.*, and thus the Court will consider both.

## FACTS

Sanchez is an inmate at Old Colony Correctional Center (OCCC). Doc. No. 1 at 2. Sanchez was on the kosher diet list at OCCC. Under the religious diet policies covering OCCC, if "a staff member sees an inmate on the special diet list accessing any part of a meal from the mainline menu or the inmate fails to access the special diet," the staff member shall create an incident report. Standard Operating Procedures: Special Diets, at ¶9, *available at* http://www.mass.gov/eopss/docs/doc/policies/471.pdf. If an inmate receives three incident reports within thirty days, he is removed from the special diet list. Id. at ¶10. If it is the inmate's first time being removed from the special diet list, after sixty days the inmate can reapply in writing to be placed back on the special diet list. Id. at ¶12. If an inmate is removed from the special diet list a second time, he must wait six months before reapplying. Id. at ¶13.

Sanchez was removed from the kosher diet list on October 27, 2015, because he received three incident reports within thirty days. Doc. No. 1 at 3. He followed the prison's grievance procedures and his grievance was denied. Doc. No. 1-2. He was permitted to reapply on January 14, 2016, but was denied. Doc. No. 1 at 4. He filed this suit on February 29, 2016, alleging that the prison had violated his First Amendment rights. According to Defendants, at some point Sanchez was placed back on the kosher diet list and on May 6, 2016, was removed again for receiving three incident reports within thirty days. Doc. No. 32 at 2 n.1.

Defendants filed a Motion to Dismiss or for Summary Judgment. Doc. No. 31. Sanchez failed to respond to the Motion within the time provided after which the Court ordered a

response as well as extended the deadline, Doc. No. 33, and Sanchez then filed an opposition to the motion, Doc. No. 35.

DISCUSSION

When considering a motion to dismiss, the Court "must take the allegations in the complaint as true and must make all reasonable inferences in favor of the plaintiffs." Watterson v. Page, 987 F.2d 1, 3 (1st Cir. 1993). Dismissal for failure to state a claim is appropriate when the pleadings set forth "factual allegations, either direct or inferential, respecting each material element necessary to sustain recovery under some actionable legal theory." Berner v. Delhanty, 129 F.3d 20, 25 (1st Cir. 1997) (quoting Gooley v. Mobil Oil Corp., 851 F.2d 513, 515 (1st Cir. 1988)).

Sanchez's damages claims against Defendants in their official capacities fail as Defendants are immune under the Eleventh Amendment. See Seminole Tribe of Fla. v. Florida, 517 U.S. 44, 72 (1996).

Sanchez's damages claims against Defendants in their individual capacities fail to overcome qualified immunity. Qualified immunity "protects government officials from liability insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." MacDonald v. Town of Eastham, 745 F.3d 8, 11 (1st Cir. 2014) (quoting Pearson v. Callahan, 555 U.S. 223, 241 (2009)). "A clearly established right is one that is sufficiently clear that every reasonable official would have understood that what he is doing violates that rights." Stamps v. Town of Framingham, 813 F.3d 27, 33 (1st Cir. 2016) (quoting Mullenix v. Luna, 136 S. Ct. 305, 308 (2015) (per curiam)).

Here, the law has not been clearly established that Defendants cannot restrict an inmate's access to a religious diet under the First Amendment. The First Circuit has not spoken. Cases

from other circuits indicate that reasonable restrictions on an inmate's access to religious diets are acceptable, particularly where the inmate has not complied with procedures that call into question the sincerity of his belief.  See <u>Daly v. Davis</u>, No. 08-2046, 2009 WL 773880, at *1 (7th Cir. March 29, 2009) (finding no violation where the inmate was suspended multiple times from the kosher diet list because he was seen purchasing non-kosher food and trading parts of his kosher meal for non-kosher food); <u>Brown-El v. Harris</u> 26 F.3d 68, 69–70 (8th Cir. 1994) ("Rather than burdening Ramadan worshipers, the [prison] policy allows full participation in the fast and removes from the procedures only those worshippers who choose to break the fast.").

Additionally, the law has not been clearly established that Defendants cannot restrict an inmate's access to a religious diet under RLUIPA. Other courts have recognized that the law in this area is not well settled and that courts have disagreed on what RLUIPA requires. See <u>Colvin v. Caruso</u>, 605 F.3d 282, 296–97 (6th Cir. 2010) (discussing the circuit split); <u>Kuperman v. Warden, N.H. State Prison</u>, Civ. A. No. 06-cv-420-JL, 2009 WL 4042760, at *6 (D.N.H. Nov. 20, 2009) (same). In short, "[i]t seems unlikely that claims on the current theory of denial of a religious diet due to claimed disciplinary infractions would be considered a violation of a clearly established right, particularly since this is a claim that appears to be the subject of an emerging circuit split." <u>Denson v. Gelb</u>, Civ. A. No. 14-14317-DPW, 2015 WL 4271481, at *3 (D. Mass. July 13, 2015). Thus, Sanchez's claims for monetary damages against Defendants in their individual capacities fail.

Sanchez's claims for injunctive relief under both the First Amendment and RLUIPA also fail as Sanchez has not shown that the policy substantially burdened his religious exercise. "In a claim arising under the First Amendment's Free Exercise Clause, an inmate must first establish that a challenged policy restricts the inmate's free exercise of a sincerely held religious belief."

Brown-El, 26 F.3d at 69. Under RLUIPA, "[t]he additional statutory requirement of a least restrictive means is triggered only be a finding that a substantial burden exists." Navajo Nation v. U.S. Forest Serv., 535 F.3d 1058, 1076. Thus, Sanchez must show a substantial burden before he is entitled to relief under either the First Amendment or RLUIPA.

"[I]ncidental effects of government programs, which may make it more difficult to practice certain religions but which have no tendency to coerce individuals into acting contrary to their religious beliefs" are not a substantial burden. Lyng v. Nw. Indian Cemetary Protective Ass'n, 485 U.S. 439, 450 (1988). Here, the prison's policy of removing an inmate from the special diet list when he was observed eating non-kosher food three times within 30 days does not have a "tendency to coerce individuals into acting contrary to their religious beliefs." Id.; see Daly, 2009 WL 773880, at *2 (noting that a similar program did not "compel conduct contrary to religious beliefs" because the inmate "was forced to eat non-kosher meals only because he turned down the kosher ones). Because Sanchez has not shown a substantial burden on his religious exercise, he is not entitled to injunctive relief.

## CONCLUSION

Defendants' Motion to Dismiss, Doc. No. 31, is ALLOWED.

SO ORDERED.

    /s/ Leo T. Sorokin
Leo T. Sorokin
United States District Judge